People v Easley (2025 NY Slip Op 01738)

People v Easley

2025 NY Slip Op 01738

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

163 KA 22-01843

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL EASLEY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered September 28, 2022. The judgment convicted defendant, upon a guilty plea, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [12]). As the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Harold, 233 AD3d 1503, 1503 [4th Dept 2024]) and therefore does not preclude our review of his challenge to the severity of the sentence (see Harold, 233 AD3d at 1503). We nevertheless conclude that the sentence is not unduly harsh or severe. Finally, we note that County Court misstated at sentencing that defendant was a second felony offender, rather than a second felony drug offender previously convicted of a violent felony, and the uniform sentence and commitment form incorrectly states that defendant was sentenced as a second felony offender. The uniform sentence and commitment form must be amended to reflect that defendant was actually sentenced as a second felony drug offender previously convicted of a violent felony (see § 70.70 [1] [b]; [4]; People v Chourb, 232 AD3d 1272, 1274-1275 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court